**45D02-2007-CT-000748**     Filed: 7/23/2020 2:28 PM
Clerk
Lake Superior Court, Civil Division 2     Lake County, Indiana

USDC IN/ND case 2:21-cv-00159-GSL    document 2    filed 07/23/20    page 1 of 6

| | |
|---|---|
| STATE OF INDIANA | LAKE _____ COURT |
| | CIVIL DIVISION, ROOM _____ |
| COUNTY OF LAKE | SITTING IN _____, INDIANA |

LUTISHA FAYE JOHNSON
and AUDRIE HOLMES,

    Plaintiffs,

v.                                  CAUSE NO.

JEWEL OSCO FOOD STORE;
GORDON BAILEY, DISTRICT
MANAGER; JEWEL STORE
MANAGER, NAME UNKNOWN;
and JANE DOE, UNKNOWN EMPLOYEE,

    Defendants.

## COMPLAINT

Lutisha Faye Johnson ("Johnson") and Audrie Holmes ("Holmes") by their Attorneys, Randolph & Randolph, P.C., for their complaint against the defendant, Jewel Osco Food Store ("Jewel Osco") state as follow:

### A. Preliminary Statement

1. This is a civil action for equitable relief and damages for the deprivation of plaintiffs' Federal and State constitutional rights, civil rights, and other rights arising out of racial and discriminatory treatment as consumers against the defendant, Jewel Osco Food Store on account of their race by being falsely and/or negligently accused of stealing items and/or taking store items without paying.

### B. Parties

2. That plaintiff, Lutisha Johnson is a black adult resident of Lake County, Indiana living at all times at 6081 Jefferson Street, Merrillville, IN 46410, and has been the owner for over 20 years of Creative Kids Care, LLC which is a children's daycare

center for children. She has been married for 29 years to her husband, Timothy Johnson, who is a 30 year truck driver for Wheeling Transportation located in Palatine, Illinois.

3. That plaintiff, Audrie Holmes is a black adult resident of Lake County, Indiana living at all times at 1900 East 73rd Avenue, Merrillville, IN 46410, and is a retired employee as of April 1, 2020 from the Ford Motor Plant in Chicago, IL as a painter repair engineer. She has five (5) children.

4. That defendant, Jewel Osco is a company that is incorporated in the State of Idaho, city of Boise doing business as Jewel-Osco Grocery store operating under the Laws of the State of Indiana and doing business at 1276 N. Main St., Crown Point, IN 46307, County of Lake.

5. That defendant, Gordon Bailey ("Bailey") is the district manager who oversees all area Jewel-Osco Food Stores and sets and/or enforces policies set by Jewel-Osco stores regarding its customers.

6. That John Doe ("John") was at the time of the incident alleged herein on Sunday, June 16, 2019, the store manager of Jewel Osco located at 1276 N. Main St. and as such is an employee and/or agent of Jewel-Osco.

7. Jane Doe is also an employee of Jewel Osco and as such was acting within the scope of her duties and responsibilities as an employee and/or agent on June 16, 2019, which is the date of the incident alleged herein.

### C. Grounds for Relief

8. That on or about Sunday, June 16, 2019, at or about 12:47 p.m., Johnson and Holmes were grocery shopping at Jewel Osco when they were stopped and confronted by two (2) uniformed Crown Point police officers.

9. That Johnson and Holmes were told by the officers that the Crown Point Police Department had received a phone call from defendant, employee, Jane Doe ("Jane") of Jewel Osco that Johnson and Holmes were shoplifting and/or stealing store items, that they were trespassing, and that they were attempting to take items without paying for them.

10. That Johnson and Holmes were also told by the Crown Point police officers that they had been previously barred from the store and were previously told not to ever come back to the store.

11. That the employee, Jane Doe whose real and truthful name is not known was directed by her supervisor to call the Crown Point Police Department and to tell them that Johnson and Holmes were stealing and had taken over $1,000.00 worth of groceries.

12. That the Crown Point police officer and/or officers then proceeded to escort Johnson and Holmes outside to Jewel Osco's parking lot where they were completely engulfed and/or surrounded by several police cars and Crown Point police officers with guns which included a Jewel Osco security guard.

13. That all of the Crown Point Police Officers and the Jewel Osco security guard had their hands on their gun preparing to draw and/or pull their weapons on Johnson and Holmes.

14. That Johnson and Holmes were humiliated, frighten, scared, upset, insulted, embarrassed, and concerned that they would be injured, shot and/or killed and that such incident would have a lasting negative effect on their respective careers and/or job.

15. That they both suffered sleeplessness, anxiety, embarrassment and depression which prevented them from earning the income they could have earned if not for the defendant's and/or their agents discriminatory acts.

16. That Johnson and Holmes were traumatized and have suffered emotionally and psychologically and both were distress in that it took several weeks before either could return to their respective careers and/or jobs.

17. That Johnson and Holmes suffered embarrassment, distress, humiliation, damage to their reputation, character and inconvenience and loss of future earnings from their respective profession and jobs because of their emotional distress and were not able to earn the income they could have earned if not for the defendant's discriminatory acts.

### D. Causes of Action

18. That such act and/or acts by Jewel Osco was because of Johnson and Holmes's race as black Americans and was unlawful and intentional.

19. That such racial act and/or acts were a violation of Johnson and Holmes's rights under the equal protection clause of the 14th Amendment of the United States Constitution under 42 USC§1981, 42USC§1983 and under article 1§23 of the constitution of the State of Indiana.

20. That such acts and/or acts by Jewel Osco collectively were a violation of Johnson and Holmes's rights under 42 USC§1985 in that Jewel Osco denied Johnson and Holmes their rights and equal protection under the Laws of the State of Indiana and from being equally protected under Federal Law.

21. That Jewel Osco's racially motivated act and/or acts were undertaken intentionally with the purpose and effect of violating the civil rights of Johnson and Holmes as a result, Jewel Osco is liable.

22. Johnson and Holmes alleged that Jewel Osco is liable in that Jewel Osco failed to instruct, supervise, control and discipline John Doe security officer, Jane Doe, store employee and Gordon Bailey as district manager and each of them on a continuing basis and said failure was a result of official policy and/or custom, practice and usage of Jewel Osco.

23. That Jewel Osco as policy maker was deliberately indifferent to the rights of Johnson and Holmes and said conduct and/or policies caused the deprivation of Johnson and Holmes's rights secured under the United States Constitution, the Laws of the United States and the Laws of the State of Indiana.

### E.    Prayer for Relief

THEREFORE plaintiffs pray for judgment against the defendants individually and/or jointly and collectively and for the court:

1. enter declaratory judgment finding that that the above described actions of the defendants violated the rights of plaintiffs as described herein;

2. enter an award of compensatory damages in an amount sufficient to compensate plaintiffs for the harm suffered by reason of the defendants unlawful acts;

3. enter judgment for punitive damages in an amount to be established at trial for the purpose of deterring defendant's intentional unlawful and malicious conduct;

4. award plaintiffs' attorney fees and other costs and expenses of litigation pursuant to 42 U.S.C§1988; and

5. all other relief authorized by Rule 54(c) of the Federal Rules of Civil Procedure or otherwise by Law.

Respectfully submitted,

LONNIE M. RANDOLPH, Atty. No. 5905-45
RANDOLPH & RANDOLPH, P.C.
Attorney for plaintiffs,
LUTISHA FAYE JOHNSON and
AUDRIE HOLMES
1919 E. Columbus Drive
East Chicago, Indiana 46312
Telephone: (219) 397-5531

## AFFIRMATION

We affirm that the contents herein are true and accurate to the best of our knowledges and beliefs.

LUTISHA FAYE JOHNSON         AUDRIE HOLMES

## JURY DEMAND

Plaintiffs, by counsel demand Trial by Jury.

LONNIE M. RANDOLPH

6